United States District Court
for the
Northern District of Indiana

| | | |
|---|---|---|
| JOHN M. STEPHENSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No.  3:07-CV-539 JVB |
| v. | ) | |
| | ) | |
| ED BUSS, | ) | DEATH PENALTY CASE |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

John M. Stephenson, a state prisoner, filed a notice of intent to file a first federal habeas corpus petition pursuant to 28 U.S.C. § 2254. He has also filed a motion for appointment of counsel, and an *in forma pauperis* petition.

Stephenson was convicted of three counts of murder by the Warrick Superior Court on June 16, 1997. He is currently housed at the Indiana State Prison under a sentence of death. This court has concurrent jurisdiction (with the United States District Court for the Southern District of Indiana) to entertain his habeas corpus petition pursuant to 28 U.S.C. § 2241(d) because the Warrick Superior Court lies within the geographical boundaries of the Southern District and the Indiana State Prison lies within the geographical boundaries of the Northern District.

Stephenson seeks leave to proceed *in forma pauperis*. He states that he is unable to prepay the $5.00 fee for filing a habeas corpus petition. His attached inmate trust fund ledger shows that he had $8.51 on October 23, 2007. It also shows that he has received between $40.00 and $90.00 a month for the past six months, a total of $370.00, and an average of $61.66 per month. Though Stephenson is unable to afford to retain an attorney, he is not unable to afford the $5.00 filing fee. Therefore his *in forma pauperis* petition will be granted in part and denied in part.

Dockets.Justia.com

Stephenson has located counsel on his own and asks the court to appoint them to represent him pursuant to 18 U.S.C. § 3599.

> In any post conviction proceeding under section 2254 . . . seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation  . . . shall be entitled to the appointment of one or more attorneys . . . .

18 U.S.C. § 3599(a)(2). "Stephenson seeks the appointment of Alan M. Freedman and Marie F. Donnelly to prepare his petition for a writ of habeas corpus and represent him [during the] proceedings on that petition." Motion for Appointment of Counsel at ¶ 4, DE 2. It is clear from the Memorandum in Support of the Motion for Stay, prepared by Mr. Freedman, that he understands the statutory constraints imposed by 28 U.S.C. § 2254(d). It appears that he should be able to squarely explain in the petition why the determinations of the Indiana Supreme Court are contrary to clearly established opinions of the United States Supreme Court, or are based on an unreasonable determination of the facts. Due to the complexity of this case, the court is satisfied that good cause has been shown for the appointment of a second attorney pursuant to 18 U.S.C. § 3599(d), therefore the court will appoint two attorneys. Because Stephenson has selected counsel who are qualified as required by 18 U.S.C. § 3599(c), the court will grant his request to appoint these attorneys. Nevertheless, no showing has been made concerning any need for investigative, expert, or other services, therefore no payments are authorized for those services pursuant to 18 U.S.C. § 3599(f).

For the forgoing reasons, the court:

(1) **DENIES IN PART** the *in forma pauperis* petition (DE 5) as it relates to the filing fee;

(2) **ORDERS** John M. Stephenson to pay $5.00 to the clerk of this court;

(3) **ORDERS** the facility having custody of **John M. Stephenson, IDOC # 976851**, to deduct **$5.00** from his inmate trust account and forward it to the clerk of this court in payment of the filing fee;

(4) **GRANTS IN PART** the *in forma pauperis* petition (DE 5) as it relates to the appointment of counsel;

(5) **GRANTS** the motion for appointment of counsel (DE 2);

(6) **APPOINTS**, pursuant to 18 U.S.C. § 3599(b),  Alan M. Freedman and Marie F. Donnelly;

(7) **DENIES** reimbursement for investigative, expert, or other services pursuant to 18 U.S.C. § 3599(f); and

(8) **DIRECTS** the Clerk of Court to ensure that a copy of this order is mailed to the attention of the Inmate Trust Fund Department at the facility where the petitioner is housed.

**SO ORDERED** on November 6, 2007.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION